FILED

FEB 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIP ARTHUR COVARRUBIAS, | No. 14-73257 |
| Petitioner, | D.C. No. 2:14-cv-01200-GMN-PAL<br>District of Nevada,<br>Las Vegas |
| v. | |
| STATE OF NEVADA and ATTORNEY GENERAL STATE OF NEVADA, | ORDER |
| Respondents. | |

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

We treat the "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," transferred by the district court on October 20, 2014, as an application for authorization to file a second or successive 28 U.S.C. § 2254 petition in the district court. The application is denied.

To the extent petitioner claims a violation under *Brady v. Maryland*, 373 U.S. 83 (1963), petitioner has not established that the alleged newly discovered evidence supporting his claim is "material." *See United States v. Lopez*, 577 F.3d 1053, 1064 (9th Cir. 2009) ("[T]he undisclosed evidence must be material. Regardless of whether a *Brady* claim is raised in a first petition or a second-in-time petition, petitioner can prevail and obtain a new trial only if 'there is a reasonable

probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" (citations omitted)); *see also King v. Trujillo*, 638 F.3d 726, 729 (9th Cir. 2011) (per curiam).

Additionally, in relation to petitioner's *Brady* claim and all remaining claims, petitioner has not made a prima facie showing under 28 U.S.C. § 2244(b)(2) that:

> (A) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Any pending motions are denied as moot.

No petition for rehearing or motion for reconsideration shall be entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).